**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 (JAM) |
| Debtor. | : | Jointly Administered |
| O.W. BUNKER USA INC., | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 15-_____ |
| HUDSON SHIPPING LINES INC., | : | |
| Defendant. | : | |

**COMPLAINT FOR TURNOVER AND**
**TO RECOVER PROPERTY OF THE ESTATE**

O.W. Bunker USA Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully requests that the Court enter a judgment against the Defendant named herein directing the turnover of property of the estate and/or for money due and owing to Plaintiff and its estate. In support thereof, the Plaintiff states as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is: OW Bunker c/o Alvarez & Marsal, LLC, Attn: Scott Anchin, 600 Madison Avenue, 7th Floor, NY, NY 10022.

**NATURE OF THE ACTION**

1. Plaintiff seeks turnover and recovery of amounts due and owing from the Defendant in the aggregate amount of $1,852,663.68 (the "Invoice Amount"), plus interest, administration fees, attorneys' fees, and costs.

2. Specifically, Plaintiff seeks entry of a judgment against Defendant: (a) directing turnover of the Invoice Amount pursuant to 11 U.S.C. §542; (b) for the Invoice Amount based upon Defendant's breach of contract; (c) for the Invoice Amount based upon the Defendant's unjust enrichment; and (d) for the Invoice Amount based upon Defendant's conversion; and for related relief including disallowing any claim of Defendant against O.W. Bunker North America, Inc., O.W Bunker USA, Inc., or O.W. Bunker Holding North America, Inc. (collectively the "**Debtors**"), and for interest, administration fees, attorneys' fees, and costs.

**PARTIES**

3. Plaintiff O.W. Bunker USA Inc. is a Texas corporation which maintained its principal place of business at 2603 Augusta Drive, Suite 440, Houston, Texas 77057 at the time of the filing of the above bankruptcy case. Plaintiff is a marine fuel supplier, managing the sale and delivery of marine fuel to the customer.

4. Upon information and belief, Defendant Hudson Shipping Lines Inc. is a foreign corporation which is not registered in Texas and maintains its principal place of business at the address shown on Exhibit A.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction under 28 U.S.C. §1334(b). This adversary proceeding relates to the jointly administered Chapter 11 cases captioned *In re O.W. Bunker Holding North America, Inc., et al.,* Case No. 14-51720 (JAM), pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

6. Venue is proper under 28 U.S.C. §1409.

7. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (E), (F) and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and authority under 28 U.S.C. §157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. This adversary proceeding is commenced pursuant to the 11 U.S.C. §§101, 105(a), and 542; the general equity powers of the Bankruptcy Court; the general common law; and is also commenced pursuant to Federal Rules of Bankruptcy Procedure 6002, 6009, 7001 and 7008 to recover money or property of the estate.

9. As more fully described in Sections IV.E.5 and IV.E.7(b) of the Debtors' First Amended Disclosure Statement with Respect to the Debtors' Liquidation Plans [Docket No. 1089] and Section V.5 and V.7(b) of the Debtors' First Modified Liquidation Plans [Docket No. 1171], confirmation of which plan is being sought, collection of the Debtors' pre-petition receivables, including the Invoice Amount, is critical and integral to the bankruptcy and the proposed plan.

10. The federal courts further have subject matter over this action pursuant to 28 U.S.C. § 1332 in that on information and belief Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs, and pursuant to 28 U.S.C. § 1333 in that it involves the sale of marine fuel to Defendant for use on vessels.

4019774v1

11.     The Court has personal jurisdiction over Defendant. Defendant transacts business within the United States, maintains an address in the United States, and specifically contracted with Plaintiff in the United States with respect to the transactions that are the subject of this Complaint.

## BACKGROUND

12.     The Debtors commenced Chapter 11 bankruptcy proceedings in the Bankruptcy Court on November 13, 2014 (the "Petition Date").

13.     The Debtors were part of a family of global marine fuel logistics companies ultimately owned by OW Bunker A/S (collectively, the "OW Bunker Companies"). The OW Bunker Companies were in the business of global marine fuel supply. The Debtors conducted the North American marine fuel supply operations for the OW Bunker Companies.

14.     Plaintiff sold and delivered marine fuel ("Marine Fuel") to its customers on credit, and did sell Marine Fuel, pre-petition, to Defendant on credit.

15.     On the dates set forth on Exhibit A, Plaintiff sold Marine Fuel to Defendant.

16.     Plaintiff sent Defendant the invoices attached as Exhibit A on or around the dates reflected thereon.

17.     Plaintiff's books and records reflect an outstanding account balance for Defendant's account in the amount of the Invoice Amount, which amount is due and owing from Defendant to Plaintiff.

18.     Plaintiff has made demand for payment of the Invoice Amount on several occasions, including in the fall of 2015. To date, Defendant has failed, refused and/or neglected to pay the Invoice Amount.

19.     Defendant's failure to pay the Invoice Amount is without legal justification, is wrongful and represents an unlawful detention of property of Plaintiff's estate.

## COUNT I – TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §542

20. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully set forth herein.

21. The Invoice Amount is property of the estate pursuant to 11 U.S.C. § 541.

22. Defendant has refused to turn over such property of the estate despite repeated requests.

23. Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to a turnover order requiring that the Invoice Amount plus interest, administration fees, attorneys' fees, and costs be turned over to the estate forthwith and, pursuant to 11 U.S.C. § 502, to disallowance of any claim asserted by Defendant.

## COUNT II – BREACH OF CONTRACT

24. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully set forth herein.

25. Defendant has breached its contract to purchase the Marine Fuel by failing to pay the Invoice Amount.

26. Plaintiff is entitled to damages in the amount of the Invoice Amount plus interest, administration fees, attorneys' fees, and costs.

## COUNT III – UNJUST ENRICHMENT

27. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully set forth herein.

28. Defendant has received and used the Marine Fuel sold by Plaintiff as more fully reflected in Exhibit A.

4019774v1

29. If the Defendant does not reimburse Plaintiff for the Invoice Amount, it will have received an undue and unjust windfall by receiving the Marine Fuel to which it has no entitlement, and by using that Marine Fuel for its profit to the detriment of Plaintiff.

30. Plaintiff is entitled to recover the Invoice Amount plus interest, administration fees, attorneys' fees, and costs as a result of the unjust enrichment of Defendant to Plaintiff.

### COUNT IV – CONVERSION

31. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully set forth herein.

32. Defendant's actions in retaining the Marine Fuel for its own use and profit, without payment of the Invoice Amount, constitutes conversion.

33. Plaintiff is entitled to judgment against Defendant for all legal and equitable remedies to which Plaintiff is entitled due to Defendant's conversion, including the Invoice Amount plus interest, administration fees, attorneys' fees, and costs.

4019774v1

WHEREFORE, Plaintiff respectfully requests that the Bankruptcy Court enter a judgment against Defendant for the $1,852,663.68 Invoice Amount, directing that the Defendant turn over the Invoice Amount to the estate pursuant to 11 U.S.C. § 542, and awarding Plaintiff interest, administration fees, attorneys' fees, and costs, and such other relief as is appropriate.

Dated: Hartford, Connecticut
December 14, 2015

    Respectfully submitted,

    */s/ Michael R. Enright*
    Michael R. Enright, Esq. (ct10286)
    Patrick M. Birney, Esq. (ct19875)
    ROBINSON & COLE LLP
    280 Trumbull Street
    Hartford, CT  06103
    Telephone:  (860) 275-8290
    Facsimile:   (860) 275-8299
    menright@rc.com
    pbirney@rc.com

    - and -

    Davis Lee Wright, Esq. (NY #4761300)
      (admitted *pro hac vice*)
    Robert M. O'Connor (NY # 4899316)
    MONTGOMERY, McCRACKEN,
      WALKER & RHOADS, LLP
    437 Madison Avenue, 29th Floor
    New York, NY 10022
    Telephone: (212) 867-9500
    Facsimile:  (212) 599-1759
    dwright@mmwr.com
    roconnor@mmwr.com

    *Counsel for Plaintiff and the Debtors*